Curtis **PEDIGO**

v.

**REYNOLDS METALS COMPANY, et al.**

Civ. A. 84–0292–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Feb. 7, 1985.

William W. Davenport, Robert P. Geary, Richmond, Va., for plaintiff.

W. Carter Younger, Eva S. Tashjian-Brown, McGuire, Woods & Battle, Richmond, Va., for Reynolds Metals Co.

Jay J. Levit, Levit & Mann, Richmond, Va., for Bellwood Printing.

## OPINION

WARRINER, District Judge.

Plaintiff has filed an action against defendant Reynolds Metals Company alleging a breach of the collective bargaining contract in his discharge from employment. He has joined defendant Union claiming that defendant Union unfairly represented him in his grievance against defendant Reynolds respecting the discharge.

Plaintiff failed to respond to defendant Reynolds' motion for summary judgment within the time permitted by Local Rule 11(F) and plaintiff's response, filed late, will be disregarded. Defendant Union filed a motion for summary judgment on 7 January 1985. Plaintiff has filed no response to this motion and the time permitted by Local Rule 11(F) has expired. The Court will consider the motions on the present state of the record.

The facts are not in dispute. Plaintiff was a long term employee of defendant Reynolds but for several years he had been frequently absent from work both for "excused" and "unexcused" reasons. While the company makes greater allowance, apparently, for excused absences, excessive absences for whatever reason are grounds for discharge. After counseling, warning, and punishing plaintiff for his absences, defendant Reynolds finally discharged him.

Plaintiff sought help from his Union. He contended that despite the company's undoubted right to fire an employee for excessive absences, the fact that the company had chosen not to fire other employees who had greater numbers of absences than plaintiff made plaintiff's discharge unjust. Plaintiff further argued that a provision of the contract provided that discipline must occur within ten days of a work infraction and that his discharge came more than ten days after his latest absence.

The Union accepted its responsibility to represent the interests of plaintiff and at the fourth level of the grievance process obtained an offer from the company to reinstate plaintiff (along with two other employees discharged for excessive absences) with full seniority but without back pay. Plaintiff refused the offer and demanded the Union take the matter to arbitration. Believing that arbitration would be fruitless the Union, on advice of counsel, refused. Hence this suit.

■ The fact that defendant Reynolds does not always determine to exercise its right to fire an employee for excessive absences, a value judgment on its part, does not afford plaintiff a claim of right to continued employment. One would hope that an employer does not fire an employee by computer. One would hope that individual consideration is given in each case. Nothing more appears here than that the company did just that. But even assuming that the company, for its own purposes, chooses to retain certain employees despite excessive absenteeism, while firing others, the company in neither case breaches the employment contract.

■ With respect to the ten-day rule, the Court notes that absenteeism is a status, not an event. It makes no sense to speak of taking action within ten days of a status. The company routinely made periodic surveys of employees' records for absences. When it reviewed plaintiff's record the responsible official deemed plaintiff's attendance record unacceptable. He was fired. The ten-day rule, then, could not be applicable to the facts of the case. Practice between the company and the Union under the contract confirms this necessary conclusion.

■ There being no breach of the employment contract, the question of the Union's representation becomes moot. Nevertheless, the Court would point that there is not one iota of evidence supporting a claim of a lack of good faith representation. It is clear that the Union considered the contentions made by plaintiff but even if it had

not, such would not, in and of itself, support a claim of unfair representation. A union is not required to consider every possible factor supporting its members' cause—a union need not be perfect—a union simply must represent the interest of its members in good faith. In this case I see no evidence that the Union failed in this regard.

This case is for all practical purposes indistinguishable from *Blevins v. General Electric Co.*, 491 F.Supp. 521 (W.D.Va. 1980) and it is decided on that authority and the authorities cited therein.

Defendants' several motions for summary judgment are GRANTED. An appropriate judgment SHALL issue.

And it is so ORDERED.