838 F.2d 469
 22 Fed. R. Evid. Serv. 1770
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frederick W. WRIGHT, Appellant,
v.
E.I. DuPONT deNEMOURS AND COMPANY, INCORPORATED, Appellee.
 No. 85-1666.
 United States Court of Appeals, Fourth Circuit.
 April 13, 1987.
 
 Fred D. Smith, Jr., for appellant.
 Lewis T. Booker (Hunton & Williams; John F. Lawless, on brief), for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and TIMBERS, Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.
 PER CURIAM:
 
 
 1
 This diversity case concerns the alleged selective discharge of a dishonest employee. Appellant Frederick Wright was hired by E.I. duPont deNemours and Company, Inc. (duPont) in 1965 and promoted to supervisor under contract in 1972. In September 1982 he was terminated for unauthorized personal use of the duPont long-distance telephone system, DUCOM. Wright apparently made 216 calls over a one-year period from the plant in Martinsville, Virginia, to his wife (then fiancee) in Eden, North Carolina. Wright did not deny making the calls, although he thought the number of calls attributed to him was inflated. His primary assertion in his wrongful discharge suit was that the use of DUCOM for personal calls was a common practice among supervisors at duPont, and that duPont's failure to curb the practice amounted to condonation and a waiver of the right to discharge for violations of the practice. Following trial the jury handed down a verdict in favor of duPont. We affirm.
 
 
 2
 In Marval Poultry Co., Inc. v. Johnson, 224 Va. 597, 299 S.E.2d 343 (1983), the court held that under Virginia law dishonesty is, by itself, grounds for discharge. Wright notes that Marval did not involve selective discharge, and he would have us adopt the reasoning of Staton v. Amax Coal Co., 461 N.E.2d 612 (Ill.App.1984). In that case an employee was discharged for unauthorized use of his employer's explosives. In remanding for a new trial, the court stated, "Employees who have engaged in similar conduct must be subject to similar discipline. Even when an offense is undisputed, an employee may not be singled out and punished as an example to others." Id. at 615.
 
 
 3
 Another federal court has suggested that selective discharge may not be contrary to Virginia law. See Pedigo v. Reynolds Metals Co., 618 F.Supp. 60 (E.D.Va.1985) (selective discharge for excessive absence does not violate employment contract). Even if we were to assume, however, that the Virginia courts would adopt the principle of Staton, we would nonetheless find no reversible error. The court's jury instruction in this case allowed the jury to consider the conduct of the other employees:
 
 
 4
 In determining whether there was intentional deception, you may take into account all the circumstances which you find to have existed in the plant during the time period from June 1981 until the time of the plaintiff's termination in September of 1982. You may also take into consideration the facts and circumstances surrounding the investigation by duPont of the misuse of the DUCOM telephone system, both as it pertained to the plaintiff and as it pertained to the other employees of the company.
 
 
 5
 Under this instruction, if the jury believed that Wright was being singled out, it could have found in his favor. Therefore, even under Staton we would affirm this verdict.
 
 
 6
 Wright also contends that duPont condoned personal use of DUCOM and thus waived its right to discharge him for that use. In support of this argument Wright presented evidence that the company had a policy of ignoring any questionable call or group of calls whose charge did not exceed $10. Most personal calls fell below this $10 threshold. duPont asserts that its policy was not intended to condone any misuse of the telephone, but merely reflected the economic reality that small-scale violations of the rule were not cost-effective to pursue.
 
 
 7
 A company's decision not to punish small-scale infractions could, standing alone, give employees the clear message that the company condoned personal use of DUCOM. However, this policy did not stand in isolation. Rather, duPont regularly informed its employees that DUCOM was to be used only for business purposes. By doing so the company preserved its right to discharge employees who violated the rule even if it chose, for economic reasons, not to enforce that rule in every instance. Therefore we affirm the jury verdict in favor of duPont. We note that under the instruction quoted above, the jury could consider the circumstances surrounding duPont's investigation. If the jury believed that duPont had waived its right to discharge supervisors who used DUCOM for personal telephone calls, it could have found in Wright's favor.
 
 
 8
 Finally, Wright contends that the court erred in excluding some of his exhibits summarizing the listing of telephone calls. Summaries of voluminous or confusing exhibits are admissible under Fed.R.Evid. 1006. There is no question that duPont's exhibit, listing all 50,411 long-distance calls placed from the Martinsville plant between August 1981 and September 1982, was voluminous and possibly confusing. Summaries, however, must be judged not only by Rule 1006, but also in light of the other rules of evidence, such as Rule 401 on relevance. The court excluded several of Wright's summaries, purporting to show large number of calls to other supervisors' homes, because there was absolutely no evidence that those calls had not been for legitimate business purposes. The jury thus was not deprived of any evidence; they were deprived merely of one purely speculative arrangement of part of that evidence. We find no abuse of discretion in the court's exclusion of these summaries for lack of relevance.
 
 
 9
 For the reasons stated above, the judgment of the district court is
 
 
 10
 AFFIRMED.