JEAN HILLMAN CARROLL, Plaintiff-Appellant, v. THE CITY OF GALESBURG, Defendant-Appellee.

Third District   No. 3—88—0051

Opinion filed December 30, 1988.

Roxy M. Schumann, of Bruad, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant.

Ronald Henson and Paul L. Mangieri, both of Barash, Stoerzbach & Henson, of Galesburg, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The plaintiff, Jean Hillman Carroll, filed a complaint against the defendant, the City of Galesburg (the City), alleging that she was wrongfully discharged from her job with the Galesburg police department (the Department). The trial judge granted summary judgment in favor of the City. The plaintiff appeals from the granting of summary judgment and from the denial of her motion for reconsideration. We reverse.

The plaintiff was employed by the Galesburg police department from December 7, 1975, to August 5, 1980. On April 11, 1980, she married Richard Carroll (Carroll), an officer in the Department. On the last day of her employment she was fired for violating Personnel Rule 1—1.2 of the City of Galesburg, which prohibits a city employee from working with a relative in city employment "in close proximity on a regular day-to-day basis." Galesburg, Ill., Personnel Rules, par. 1—1.2 (1979).

In a deposition, the plaintiff testified that she had worked as a dispatcher and record keeper for the Department. In 1980, she worked a swing shift, working the first shift on Sunday and Monday, the first or third shift on Tuesday, and the second shift on Wednesday and Thursday. She was supervised by Officers Earl Wilson and Tom Worden.

The plaintiff had heard that married employees could not work together but had not seen a copy of Rule 1—1.2. She did not tell anyone in the Department that she was married, although in May of 1980 she admitted to her superiors that she was living with Carroll. According to the plaintiff she was not asked at that time if she was married to him.

The plaintiff testified that Officer Carroll was in charge of the second shift of the patrol division and that he worked in an office that adjoined hers. She said that Carroll did not defend her when she was having problems with the other officers.

James Frakes, the chief of the Galesburg police department, testi-

fied in a deposition that the plaintiff and Carroll worked the second shift in 1980. He did not recall what days of the week they had worked. The plaintiff was directly supervised by Officers Wilson and Worden and indirectly supervised by Carroll. In Frakes' opinion, the plaintiff's marriage was bad for morale because Carroll retaliated against officers who argued with the plaintiff.

Chief Frakes testified that the Department's policy when two of its employees married was to give one of the employees the option to transfer or resign, and if he or she did not do so, to bring termination proceedings. Frakes stated that the plaintiff's situation was unique because she had concealed her marriage. In this case both the plaintiff and her husband were relieved of duty on August 5, 1980. On August 6, Carroll submitted his resignation effective August 9, 1980.

Frakes also testified that a moratorium was placed on the enforcement of Rule 1—1.2 in 1967 or 1968 until 1969 or 1970. The reason for the moratorium was that it was difficult to find qualified personnel.

In an answer to interrogatories, Galesburg City Manager Lawrence Asaro stated that four sets of relatives had been employed by the police department since the adoption of Rule 1—1.2. Donald Sparling worked with his brother Ralph from 1966 to 1981; James Foster worked with his son Fred from 1967 to 1978; Ralph Cannon worked with his brother Robert from 1967 to 1972; and Gary German worked with his second cousin Kenneth from 1965 to the present.

The plaintiff argues on appeal that there was an issue of material fact as to whether she was discharged with just cause. The City argues that there was no issue of material fact and that it was entitled to judgment as a matter of law. The City does not argue that the plaintiff could be terminated without just cause.

■■■ A motion for summary judgment should be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) The aim of summary judgment is not to try issues but to determine whether any triable issues exist. In ruling on the motion the trial judge should construe the evidence most strictly against the moving party and most liberally in favor of the opponent. (*Staton v. Amax Coal Co.* (1984), 122 Ill. App. 3d 631, 461 N.E.2d 612.) Inferences may be drawn from the facts which are not in dispute, and if a fair-minded person could draw different inferences from these facts, then a triable issue exists. (*In re Estate of Kietrys* (1982), 104 Ill. App. 3d 269, 432 N.E.2d 930.)

Summary judgment should be granted only when the legal and factual right to it is clear and free from doubt. *Johnson v. St. Bernard Hospital* (1979), 79 Ill. App. 3d 709, 399 N.E.2d 198.

■■ Applying the foregoing principles to the instant case, we find that there were issues of material fact so that summary judgment should not have been granted. First, we find an issue of material fact as to whether the plaintiff violated Rule 1—1.2. The parties were in substantial disagreement regarding how often the plaintiff worked with her husband and how closely they worked together. Thus, reasonable men could differ on the question of whether the plaintiff worked "in close proximity on a regular day-to-day basis," in violation of Rule 1—1.2.

■■ We also find that there was an issue as to whether the plaintiff was discharged for just cause. Just cause for the termination of a public employee has been defined as a substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the office and which the law and sound public opinion recognize as good cause for no longer holding the position. *Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 370 N.E.2d 511.

■■ In this case there was a conflict as to whether the plaintiff had been informed of Rule 1—1.2, whether she had actively concealed her marriage, whether she had allowed her marriage to interfere with the workings of the office, and whether she was singled out for punishment while others who violated the rule had gone unpunished. These matters raised issues of material fact as to whether the plaintiff was discharged for just cause. See *Staton v. Amax Coal Co.* (1984), 122 Ill. App. 3d 631, 461 N.E.2d 612.

For the foregoing reasons, the judgment of the circuit court of Knox County is reversed. The cause is remanded for further proceedings.

Reversed and remanded.

STOUDER, P.J., and BARRY, J., concur.