FARMERS AUTOMOBILE INSURANCE ASSOCIATION, Plaintiff-Appellee, v. JOSEPH SULIGOY *et al.*, Defendants-Appellants.

Third District   No. 3—88—0498

Opinion filed March 29, 1989.—Rehearing denied May 1, 1989.

Keith D. Luther, of Stephen Masters & Associates, of Joliet, for appellants.

Edward R. Jaquays and Andrew B. Boyer, both of Snyder, Jaquays & Washburn, of Joliet, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Farmers Automobile Insurance Association, sued the defendants, Joseph and Diane Suligoy, for breach of a receipt in trust agreement. The trial court subsequently granted the plaintiff's motion for summary judgment. The defendants appeal.

The record shows that around August 16, 1985, Diane Suligoy had a car accident with another motorist. While the motorist's identity is unclear, it is not critical to the issue on appeal. Of more importance is the fact that, at the time of the collision, the defendants were insured by the plaintiff.

The plaintiff's complaint filed in this suit alleged that after Diane's accident it entered into a receipt in trust agreement with the defendants. Under the terms of the agreement, the plaintiff promised to pay the defendants $3,627.38 under the uninsured motorist provision of the insurance policy. In return the defendants promised that they would do nothing to prejudice the plaintiff's right of recovery against those legally responsible for the car accident.

The defendants subsequently entered into an agreement releasing Robert and Eleanor Zinkiewicz from any further liability arising from the car accident. In return the Zinkiewiczes paid the defendants $1,000. The defendants admitted in their amended answer to the plaintiff's complaint that they had signed the release. They denied, however, that they had thereby prejudiced the plaintiff's right to recover from those legally responsible for the loss.

After the defendants filed their amended answer, the plaintiff moved for summary judgment, alleging that the defendants had breached their agreement with the plaintiff by releasing the Zinkiewiczes from any subrogation claim on behalf of the plaintiff. The trial court granted the plaintiff's motion.

On appeal, the defendants argue that summary judgment should not have been granted since a genuine issue of material fact existed as to whether the Zinkiewiczes or their insurance company knew about the plaintiff's subrogation interest. In support of their argument, the defendants cite the general rule: An unlimited release executed by a subrogor for consideration, which does not specifically include an amount designated as covering the insurer's subrogation interest, does not bar a subsequent subrogation action by the insurer against the tort-feasor. This is true if the tort-feasor or his insurance carrier had knowledge of the insurer's interest prior to the release.

*Home Insurance Co. v. Hertz Corp.* (1978), 71 Ill. 2d 210, 375 N.E.2d 115.

■■ A motion for summary judgment should be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) In ruling on the motion, the trial judge should construe the pleadings, affidavits, exhibits and depositions most strictly against the moving party and most liberally in favor of the opponent. (*Staton v. Amax Coal Co.* (1984), 122 Ill. App. 3d 631, 461 N.E.2d 612.) A general denial in the opponent's answer is insufficient in itself to create a genuine issue of material fact. *Epstein v. Yoder* (1979), 72 Ill. App. 3d 966, 391 N.E.2d 432.

■■■ We note that the defendants never raised the knowledge issue in any of their answers. The defendants merely denied that the plaintiff's rights were prejudiced. Section 2—613(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—613(d)) provides that the facts constituting an affirmative defense must be plainly set forth in the answer to the complaint. We find that the instant knowledge issue is in the nature of an affirmative defense and therefore should have been specifically raised in the defendants' answer.

We also find unpersuasive the defendants' reliance on the fact that in their brief filed with their motion to reconsider they raised the issue of the tort-feasor's knowledge. It was incumbent on the defendants to raise this knowledge defense in their answer. Since they did not do so, we conclude that the trial court had before it no genuine issue of material fact and therefore correctly granted the plaintiff's motion for summary judgment.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.