COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. DONALD BIRNER *et al.*, Defendants-Appellees.

Third District    No. 3—97—0139

Opinion filed December 17, 1997.

Robert H. Jennetten and Michael J. Holt (argued), both of Quinn, Johnston, Henderson & Pretorius, Chartered, of Peoria, for appellant.

Donald K. Birner (argued), of Thomas & Birner, of Pekin, appellee *pro se.*

Kevin M. Miller, of Hinshaw & Culbertson, of Peoria, and Stephen R. Swofford, Christine L. Olson, and Bruce Carmen (argued), all of Hinshaw & Culbertson, of Chicago, for appellee American Family Mutual Insurance Company.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

Attorney Donald Birner filed a personal injury suit on behalf of his client, Teresa Perrine, and subsequently obtained a settlement from the tortfeasor's insurance carrier, American Family Mutual Insurance Company. The settlement included payment of the full amount due to Perrine's insurance company, Country Mutual Insurance Company, as subrogee. Country Mutual refused to pay Birner for his services. Birner filed a small claims action. Country Mutual responded by filing suit for declaratory judgment against Birner and American Family, obtained a default arbitration award against American Family and requested that the court confirm the arbitration award. The two cases were consolidated in the circuit court. The trial judge found in favor of Birner and American Family and against Country Mutual. We affirm.

■ The claims between the parties were decided pursuant to motions for summary judgment. 735 ILCS 5/2—1005 (West 1994). A mo-

tion for summary judgment should be granted only when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2—1005 (West 1996); *Wells v. Enloe*, 282 Ill. App. 3d 586, 589, 669 N.E.2d 368, 371 (1996). When reviewing an order granting summary judgment, this court conducts a *de novo* review. *Jewish Hospital v. Boatmen's National Bank*, 261 Ill. App. 3d 750, 755, 633 N.E.2d 1267, 1272 (1994).

On November 23, 1993, Teresa Perrine was injured in an automobile accident with a car driven by Trina Leeds. Perrine's car was insured by Country Mutual, while Leeds' vehicle was insured by American Family. Country Mutual paid her medical bills, which totalled $4,400.80.

On April 7, 1994, Country Mutual sent a letter advising American Family about the payment of Perrine's medical bills and claiming a subrogation lien. Over the next 16 months, the companies exchanged correspondence about the subrogation claim.

On November 8, 1995, Perrine retained attorney Donald Birner pursuant to a contingency fee agreement. The next day Country Mutual sent Birner a letter, which stated in pertinent part:

"Country Mutual Insurance Company's policy provides for the right of recovery of all medical payments made on behalf of [Teresa Perrine] ***. Country Mutual Insurance is exercising this right of recovery by pursuing it's recovery through inter-company arbitration. We are asking you to not include payments Country Mutual Insurance Company has made in any personal injury settlement."

A similar letter was sent by Country Mutual to Birner one week later.

On November 9, 1995, Birner filed suit in the circuit court of Tazewell County, naming Perrine and her husband as plaintiffs and Trina Leeds as defendant. The complaint requested, among other things, recovery of the same medical expenses that Country Mutual had paid on Perrine's behalf.

On that same day, November 9, 1995, Country Mutual initiated the arbitration process by mailing a petition with the Conference of Casualty Insurance Companies (CCIC) arbitration program. The petition named American Family as the respondent. Under the terms of the CCIC program, American Family was obliged to answer the petition in the arbitration proceedings on or before December 22, 1995. American Family did not file an answer.

On January 12, 1996, Birner wrote to Country Mutual, advising

that he was involved in negotiations with American Family. Birner requested that Country Mutual reconsider its refusal to pay him for recovery of the subrogation lien.

On January 22, 1996, American Family tendered two settlement checks to Birner. Check No. 16007 was made payable to the Perrines, Birner and Country Mutual in the amount of the subrogation lien, $4,400.80. Check No. 16008 was made payable to the Perrines and Birner in the amount of $11,099.20. Check No. 16008 was negotiated, while No. 16007 was retained by Birner. After receiving these checks, the Perrines executed a release of all claims against Trina Leeds. The case against Leeds was dismissed with prejudice on January 30, 1996.

On March 5, 1996, Birner filed a small claims action in the circuit court of Tazewell County, seeking one-third of the $4,400.80 subrogation payment, under the common fund doctrine. On April 30, 1996, Country Mutual filed a suit for declaratory judgment against Birner and American Family, claiming that it was entitled to rely on arbitration proceedings with respect to its arbitration claim. Country Mutual also claimed that American Family had improperly compromised Country Mutual's subrogation rights by issuing a check that also named the Perrines and Birner as payees.

At the time that these lawsuits were filed, the arbitration case was still pending before the CCIC. On January 25, 1996, CCIC had written to American Family, indicating that in light of the company's failure to file an answer in the arbitration case, the case would be decided on the basis of information contained in Country Mutual's petition. However, not until May 6, 1996, after the settlement checks had been issued, the case against Leeds was dismissed and the lawsuits over Birner's fees had been filed, did CCIC actually mail an award letter in favor of Country Mutual and against American Family.

On October 6, 1996, the circuit court considered the parties' motions for summary judgment. 735 ILCS 5/2—1005 (West 1996). After hearing the arguments of the parties, the court granted summary judgment in favor of Birner and against Country Mutual.

On November 9, 1996, Country Mutual filed a motion in the circuit court to confirm the CCIC arbitration award, pursuant to the Illinois Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 1996)). After Country Mutual and American Family filed motions for summary judgment, the trial judge ruled that check No. 16007 satisfied American Family's obligations under the lien and CCIC proceedings. The judge also ruled that under the rules of the CCIC, once the underlying lawsuit was settled, Country Mutual had an obligation to

notify CCIC so the arbitration proceeding could be removed from the docket, but Country Mutual failed to so. The judge refused to confirm the arbitration award.

On appeal, Country Mutual raises three issues: (1) whether Birner was entitled to payment under the common fund doctrine; (2) whether the court erred in finding that settlement check No. 16007 satisfied Country Mutual's rights and American Family's obligations under the subrogation lien; and (3) whether the circuit court erred in refusing to confirm the arbitration award.

## I

■ Under the well-established common fund doctrine, a lawyer who recovers a common fund for the benefit of persons other than his client is entitled to reasonable attorney fees from the fund as a whole. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 62 L. Ed. 2d 676, 681, 100 S. Ct. 745, 749 (1980); *Wolff v. Ampacet Corp.*, 284 Ill. App. 3d 824, 827-28, 673 N.E.2d 745, 747 (1996). The underlying justification for this rule is that if the costs of litigation were not spread among the beneficiaries of the fund, some beneficiaries would be unjustly enriched by the attorney's efforts. *Wolff*, 284 Ill. App. 3d at 828, 673 N.E.2d at 747.

■ To be entitled to fees under the common fund doctrine, an attorney must show (1) the fund was created as the result of legal services performed by the attorney, (2) the subrogee did not participate in the creation of the fund, and (3) that the subrogee benefitted out of the fund that was created. *Meyers v. Hablutzel*, 236 Ill. App. 3d 705, 707, 603 N.E.2d 91, 93 (1992); *McGee v. Oldham*, 267 Ill. App. 3d 396, 399, 642 N.E.2d 196, 198 (1994). When these conditions exist, equity requires that fees and expenses incurred in creating the fund be apportioned among those who benefit from its creation. *McGee*, 267 Ill. App. 3d at 399, 642 N.E.2d at 198-99. In this case, the trial court correctly concluded that the conditions permitting an equitable apportionment were satisfied.

Nevertheless, Country Mutual asserts that under the principles enunciated in *Tenney v. American Family Mutual Insurance Co.*, 128 Ill. App. 3d 121, 470 N.E.2d 6 (1984), it should not be required to pay Birner. In *Tenney*, the subrogee "expressly notified [the attorney] that he was not to collect the subrogation claim." *Tenney*, 128 Ill. App. 3d at 122, 470 N.E.2d at 7. During the circuit court proceedings in *Tenney*, the attorney testified that he was aware the subrogee did not want him to collect the subrogation claim and would not pay him if he did so. *Tenney*, 128 Ill. App. 3d at 122, 470 N.E.2d at 7; see also *Perez v. Kujawa*, 234 Ill. App. 3d 957, 958, 602 N.E.2d 38, 39 (1992).

In *Tenney* and its progeny, the subrogees "promptly *and* unequivocally" informed the attorneys of their subrogation liens and expressly disclaimed any intention to employ the insured's attorney for this purpose. (Emphasis added.) *Perez*, 234 Ill. App. 3d at 960, 602 N.E.2d at 40. Under these circumstances, courts have ruled, it would be inequitable to apply the common fund doctrine. *Tenney*, 128 Ill. App. 3d at 125, 470 N.E.2d at 7; *Perez*, 234 Ill. App. 3d at 962, 602 N.E.2d at 41.

■ The *Tenney* line of cases are inapplicable here. Country Mutual's words and actions were neither prompt nor unequivocal. Although Country Mutual was aware of the accident, medical bills and its own subrogation claim in April 1994, the company did not file a lawsuit or commence arbitration proceedings until November 1995, after the Perrines had retained Birner. In the interim, Country Mutual sent correspondence to American Family that stated, "[I]f settlement is made with [Teresa Perrine], please forward our amount for the above subrogation material." Furthermore, Country Mutual's November 1995 correspondence to Birner lacked the clarity and direction of the letters in *Tenney* and *Perez*. Moreover, as settlement approached, Birner asked Country Mutual to reconsider its position. The record does not show that Country Mutual responded to Birner prior to the settlement.

Moreover, even if Country Mutual's correspondence could be equated with the letters in *Tenney* or *Perez*, merely writing to an attorney and expressing a desire to represent one's own interest, without more, is not enough to overcome the common fund doctrine. *McGee*, 267 Ill. App. 3d at 401, 642 N.E.2d at 199; see also *Perez v. Kujawa*, 234 Ill. App. 3d 957, 961-62, 602 N.E.2d 38, 41 (1992). "What is necessary is for the subrogee to show some participation in the creation of the fund reflecting more than a desire to protect its subrogation rights." *McGee*, 267 Ill. App. 3d at 401, 642 N.E.2d at 199. The record before us shows that settlement was reached without meaningful participation by Country Mutual. Although Country Mutual had filed its arbitration claim, nothing in the record indicates that this contributed to reaching the settlement. Actions taken by Country Mutual after American tendered check No. 16007 quite certainly did not contribute to the creation of the fund.

## II

■ Country Mutual contends that the circuit court erred in finding that check No. 16007 satisfied its subrogation rights and relieved American Family of its obligation to proceed under the arbitration agreement. Other than citing one general statutory provision (710

ILCS 5/1 (West 1996)), Country Mutual's brief fails to cite any specific, relevant authority in support of this contention. Under Supreme Court Rule 341(e)(7), this issue has been waived. 134 Ill. 2d R. 341(e)(7); see also *Heatherly v. Rodman & Renshaw, Inc.*, 287 Ill. App. 3d 372, 379, 678 N.E.2d 59, 64 (1997) (party's contention that circuit court was required to confirm a portion of arbitration award, even though that portion had been fully satisfied by payment, deemed waived by failure to cite pertinent authority).

Even if we were to find that these issues were not waived, we would reject Country Mutual's contentions on their merits. Prior to any notification that it was in default in the arbitration proceedings, American Family resolved all of its claims with the Perrines, made payment in full and obtained a release for all claims.[1]

## III

■ In denying Country Mutual's request to confirm its arbitration award, the trial judge found that CCIC rules required Country Mutual to notify the arbitrators that settlement had occurred so that the matter could be removed from the arbitration docket. The judge also found that Country Mutual breached this obligation.

As a result of its own conduct, a party may be estopped from asserting its arbitration rights. *Yandell v. Church Mutual Insurance Co.*, 274 Ill. App. 3d 828, 832, 654 N.E.2d 1388, 1390-91 (1995). Estoppel applies where one party relies to his detriment on some act, conduct or nonaction of the opposing party. *Yandell*, 274 Ill. App. 3d at 832, 654 N.E.2d at 1391.

Once settlement was reached in January 1996, Country Mutual was obliged to take action to effectuate the removal of this matter from CCIC's arbitration docket. Country Mutual failed to do so; instead, in May 1996, it obtained a default against American Family. Because it violated CCIC rules mandating removal of the case from the arbitration docket, Country Mutual was estopped from pursuing

---

[1]In a related argument in another section of its brief, Country Mutual contends that since there was no designation of a subrogee in the release of the claim, the subrogee's interests are not extinguished, citing *Home Insurance Co. v. Hertz Corp.*, 71 Ill. 2d 210, 375 N.E.2d 115 (1978), and *Farmers Automobile Insurance Ass'n v. Suligoy*, 180 Ill. App. 3d 896, 536 N.E.2d 1003 (1989). In those cases, however, the releases were obtained without a designated amount covering the insurer's subrogation interest. In this case, the releases obtained and payments made by American Family included an amount designated to cover the insurer's subrogation amount. Country Mutual was named as a payee on check No. 16007, and the amount of that check was exactly equal to the amount of Country Mutual's lien, $4,400.80.

an award. Although the trial judge may not have couched his decision in terms of estoppel, we may affirm for any reason appearing of record. *Yandell*, 274 Ill. App. 3d at 833, 654 N.E.2d at 1391. We hold that the trial judge properly refused to confirm the arbitration award.

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

BRESLIN and MICHELA, JJ., concur.