SECOND DIVISION
 MARCH 18, 1997 






1-96-2240

DENNIS HEATHERLY,

 Plaintiff-Appellant,

 v.

RODMAN & RENSHAW, INC.,

 Defendant-Appellee.
) Appeal from the
) Circuit Court of
) Cook County.
)
) No. 95 CH 11994
)
) The Honorable
) Edwin M. Berman,
) Judge Presiding.
 JUSTICE DiVITO delivered the opinion of the court:
 Plaintiff Dennis Heatherly filed a petition in the circuit
court of Cook County, seeking to confirm a portion and vacate a
portion of an arbitration award. At issue in this appeal is
whether the circuit court erred in dismissing his petition. For
the reasons that follow, we affirm.
 In June 1994, plaintiff submitted a claim for arbitration to
the National Association of Securities Dealers, Inc., contending
that defendant Rodman & Renshaw, Inc., violated his employment
agreement by not paying commissions and salary he was owed. In
November 1995, following a hearing, the arbitrator awarded
plaintiff $27,236.95 in unpaid wages but provided that each party
was to bear its own costs, expenses, and attorney fees. 
 In December 1995, plaintiff filed this action, a petition to
confirm the actual damages portion of the arbitration award and to
vacate or modify the portion of the award denying costs and
attorney fees. Plaintiff contended that he was entitled to
attorney fees under the Attorneys Fees in Wage Actions Act (the
Wage Actions Act) (705 ILCS 225/0.01 et seq. (West 1994)), which
provides that where an employee "establishes by the decision of the
court or jury" that he is owed wages, he is entitled to attorney
fees. 705 ILCS 225/1 (West 1994). In March 1996, finding that the
Wage Actions Act did not apply to arbitration proceedings, the
circuit court granted defendant's motion to dismiss with prejudice. 
Plaintiff subsequently filed a motion for reconsideration,
providing additional documentary evidence and citing additional
authority. That motion was denied on June 20, 1996. Plaintiff
appeals the circuit court's dismissal of the petition and the
denial of the motion for reconsideration. 
 As a preliminary matter, defendant asserts that because
plaintiff failed to provide a record of the arbitration
proceedings, this court must presume that the judgment of the
arbitrator was correct. Blue Cat Lounge, Inc. v. License Appeal
Comm'n, 281 Ill. App. 3d 643, 645, 667 N.E.2d 554 (1996). 
Although it would be preferable to have a record of the arbitration
proceedings, because we have a complete record of the proceedings
before the circuit court, whose judgment is the basis of this
appeal, we have a sufficient basis for review.
 In contending that the circuit court erred in failing to
vacate the portion of the arbitration award denying him attorney
fees, plaintiff intermingles three distinct issues--whether the
arbitrator's award was manifestly erroroneous, in excess of her
authority, or violative of public policy. We address each in
turn. 
 It is well settled that judicial review of an arbitrator's
award is extremely limited. American Federation of State, County
& Municipal Employees v. Department of Central Management Services,
173 Ill. 2d 299, 304, 671 N.E.2d 668 (1996) (hereinafter AFSCME v.
DCMS). Because the parties have agreed to have their disputes
settled by the arbitrator, it is her view that the parties have
agreed to accept, and the court will not overrule an award simply
because its interpretation differs from that of the arbitrator. 
AFSCME v. DCMS, 173 Ill. 2d at 305. To do otherwise would
substitute the judgment of the court for that of the decisionmaker
chosen by the parties and "'would make an award the commencement,
not the end, of litigation.'" Rauh v. Rockford Products Corp., 143
Ill. 2d 377, 395, 574 N.E.2d 636 (1991), quoting Burchell v.
Marsh, 58 U.S. (17 How.) 344, 349, 15 L. Ed. 96, 99 (1855). Thus,
a court must construe an award so as to uphold its validity, if
possible. American Federation of State, County & Municipal
Employees v. State of Illinois, 124 Ill. 2d 246, 254, 529 N.E.2d
534 (1988) (hereinafter AFSCME v. Illinois).
 Section 12 of the Uniform Arbitration Act (710 ILCS 5/1 et
seq. (West 1994)) expressly authorizes five grounds for judicial
vacation of an arbitration award, including that the arbitrator
exceeded her powers. 710 ILCS 5/12 (West 1994). In addition to
those statutory bases, a court may vacate an award where it is in
contravention of paramount considerations of public policy. 
Department of Central Management Services v. American Federation of
State, County & Municipal Employees, 222 Ill. App. 3d 678, 686, 584
N.E.2d 317 (1991). A mistake of law or fact will not serve as a
basis to vacate an award, unless the error is gross and apparent on
the face of the award. Board of Education v. Chicago Teachers
Union, Local No. 1 , 86 Ill. 2d 469, 477, 427 N.E.2d 1199 (1981);
Water Pipe Extension, Bureau of Engineering Laborers' Local Union
1092 v. City of Chicago, 238 Ill. App. 3d 43, 46, 606 N.E.2d 112
(1992).
 Plaintiff's first contention is that the arbitrator exceeded
the scope of her authority in denying him attorney fees. An
arbitrator exceeds her authority when she decides matters that were
not submitted to her. Perkins Restaurants Operating Co. v. Van Den
Bergh Foods Co., 276 Ill. App. 3d 305, 310, 657 N.E.2d 1085
(1995). Here, in arguing that the arbitrator should have awarded
attorney fees, plaintiff necessarily concedes that she had the
authority to decide that matter. It follows that, because
plaintiff disputes only the result reached by the arbitrator, not
her authority to act, we must reject his contention that the
arbitrator exceeded her authority in deciding his claim for
attorney fees.
 Plaintiff's next contention is that the arbitrator committed
manifest error in disregarding the provisions of the Wage Actions
Act. That act provides:
 "Whenever a mechanic, artisan, miner,
 laborer, servant or employee brings an action
 for wages earned and due and owing according
 to the terms of the employment, and
 establishes by the decision of the court or
 jury that the amount for which he or she has
 brought the action is justly due and owing,
 and that a demand was made in writing at least
 3 days before the action was brought, for a
 sum not exceeding the amount so found due and
 owing, then the court shall allow to the
 plaintiff a reasonable attorney fee of not
 less than $10, in addition to the amount found
 due and owing for wages, to be taxed as costs
 of the action." (Emphasis added.) 705 ILCS
 225/1 (West 1994).
The Wage Actions Act is mandatory in nature. Schackleton v.
Federal Signal Corp., 196 Ill. App. 3d 437, 446, 554 N.E.2d 244
(1989).
 Plaintiff asserts that the arbitrator was required to award
attorney fees because the statutory language, "the decision of the
court or jury," includes the decision of an arbitrator. We need
not address the validity of plaintiff's statutory construction
because, assuming, arguendo, that the arbitrator erred in
construing "the decision of the court or jury" to exclude
arbitration awards, errors in law may vitiate an award only if
gross and apparent on the face of the award. Water Pipe Extension,
238 Ill. App. 3d at 46. An example of a gross mistake of law that
would vitiate an award would be if the arbitrator "considered an
old version of the workers' compensation statutes that had since
been amended, unbeknownst to the arbitrator." Board of Education
v. Chicago Teachers Union, 86 Ill. 2d at 477. Here, because the
purported error is not apparent on the face of the award, it cannot
serve as a basis for vitiation. See Chicago Transit Authority v.
Amalgamated Transit Union Local 308, 244 Ill. App. 3d 854, 866, 
614 N.E.2d 120 (1993) (rejecting plaintiff's argument that award
should be vacated as conflicting with Illinois worker's
compensation law because no mention was made of worker's
compensation on face of award). Accordingly, plaintiff's
contention that the award should be vacated because it disregards
the law must be rejected.
 Plaintiff also contends that the arbitrator's award
contravened the strong public policy manifested in the Wage Actions
Act. Defendant responds that even assuming, arguendo, that the
award was in violation of the Wage Actions Act, the error was
simply a mistake of law that is not grounds for vacating an
arbitrator's award. 
 The doctrine that courts may refuse to enforce arbitration
awards that violate public policy "derives from the basic notion
that no court will lend its aid to one who founds a cause of action
upon an immoral or illegal act." United Paperworkers International
Union v. Misco, Inc., 484 U.S. 29, 42, 98 L. Ed. 2d 286, 301, 108
S. Ct. 364, 373 (1987) (hereinafter Misco). In AFSCME v. DCMS, 173
Ill. 2d 299, 671 N.E.2d 668, the Illinois Supreme Court recently
revisited the public policy exception to limited judicial review of
arbitration awards. There, the court noted that the public policy
exception is a narrow one that is to be invoked only where the
contravention of public policy is clearly shown. AFSCME v. DCMS, 
173 Ill. 2d at 307.
 The AFSCME v. DCMS court provided a two-step analysis to be
used in determining whether to vacate an award as violative of
public policy considerations. First, a court must determine
whether a "well-defined and dominant" public policy can be
identified. AFSCME v. DCMS, 173 Ill. 2d at 307. If that question
is answered affirmatively, the court must decide whether the award
violated the policy. AFSCME v. DCMS, 173 Ill. 2d at 307-08.
 We look first to the Wage Actions Act in determining whether
a "well-defined and dominant" public policy is implicated here. 
Misco, 484 U.S. at 43, 98 L. Ed. 2d at 302, 108 S. Ct. at 373; see
also AFSCME v. DCMS, 173 Ill. 2d at 307 (a court will first look to
the constitution and statutes when determining questions regarding
public policy). It has been stated that the Wage Actions Act
embodies a legislative determination that laborers who have been
unpaid should be made whole without their having to bear collection
expenses. Avco Delta Corp. Canada, Ltd. v. United States, 484 F.2d
692, 705 (7th Cir. 1973).
 We note that the fact that public policy is reflected in
legislative enactments cannot mean that every statute necessarily
reflects a "well-defined and dominant" public policy. To hold that
every statute reflects such a policy would result in impermissibly
broad judicial review; that is, if all statutes embodied "well-
defined and dominant" policy, an award that misapplied a statute
would violate public policy so as to be subject to vitiation. That
result would clearly contravene the principle that a mistake of law
will not serve as grounds for vacating an award.
 In any event, a review of cases applying the public policy
exception is helpful in determining whether the public policy
manifested in the Wage Actions Act is sufficiently "well-defined
and dominant" to be grounds for vacating an arbitrator's award. In
AFSCME v. DCMS, an arbitrator reinstated a Department of Children
and Family Services (DCFS) employee who was discharged after it was
discovered that she reported that three children who had died
accidentally in a fire were "doing fine." AFSCME v. DCMS, 173 Ill.
2d at 301. After reviewing the Children and Family Services Act
(20 ILCS 505/1 et seq. (West 1992)), the court concluded that there
exists a "well-defined and dominant" public policy "against DCFS's
employment of individuals whose dishonesty and neglect could
seriously undermine the welfare, safety, and protection of minors."
AFSCME v. DCMS, 173 Ill. 2d at 316.
 In Department of Central Management Services v. American
Federation of State, County & Municipal Employees, 197 Ill. App. 3d
503, 554 N.E.2d 759 (1990), appeal denied, 133 Ill. 2d 556, 561
N.E.2d 692 (1990), the court recognized a clear public policy
against battering prisoners. Also, in Board of Education of School
District U-46 v. Illinois Educational Labor Relations Board, 216
Ill. App. 3d 990, 576 N.E.2d 471 (1991), appeal denied, 142 Ill. 2d
651, 584 N.E.2d 126 (1991), the court reviewed judicial decisions,
statutes, and local regulations in concluding that public policy
favors the safe transportation of school children. Board of
Education of School District U-46 v. Illinois Educational Labor
Relations Board, 216 Ill. App. 3d at 1002. In the foregoing cases,
the courts vacated an arbitration award reinstating an employee
because the reinstatement violated the identified public policy. 
AFSCME v. DCMS, 173 Ill. 2d at 336; Board of Education of School
District U-46 v. Illinois Educational Labor Relations Board, 216
Ill. App. 3d at 1006; Department of Central Management Services v.
American Federation of State, County & Municipal Employees, 197
Ill. App. 3d at 515. We note that common to each was the threat to
the health, safety, or welfare of the public. 
 In contrast, considerations of public policy that have been
held to be insufficient to vacate an arbitration award include
policies against the operation of dangerous machinery by persons
under the influence of drugs or alcohol (Misco, 485 U.S. at 44, 98
L. Ed. 2d at 302, 108 S. Ct. at 374), the reinstatement of Illinois
Department of Mental Health employees discharged for mistreatment
of service recipients (AFSCME v. Illinois, 124 Ill. 2d at 263), and
ensuring the integrity of the correctional system (Department of
Central Management Services v. American Federation of State, County
& Municipal Employees, 222 Ill. App. 3d at 688).
 Here, the failure to award attorney fees in an action for
wages due does not rise to the level of the sort of immoral or
illegal acts that are so repugnant to public policy that an
arbitration award based upon them must be vacated. See Fotochrome,
Inc. v. Copal Co., 517 F.2d 512, 516 (2d Cir. 1975) (public policy
limitation should be applied only where enforcement would violate
the most basic notions of morality and justice). Plaintiff
provides no authority that reflects the public importance of the
Wage Actions Act. Cf. Board of Education of School District U-46
v. Illinois Educational Labor Relations Board, 216 Ill. App. 3d at
1002 (relying on judicial decisions reflecting importance of child
safety policy). Nor does the Wage Actions Act itself manifest a
legislative determination that it should be deemed paramount to the
prevalent policy favoring finality in arbitration. Cf. AFSCME v.
DCMS, 173 Ill. 2d at 312 (noting that the General Assembly
specifically charged DCFS to promote and protect the welfare of
children). Thus, assuming, arguendo, that the arbitrator's
interpretation of the Wage Actions Act was in fact error, such
error bears close resemblance to those mistakes of law that are not
a basis for vitiating an award.
 Guidance is found in Board of Education v. Chicago Teachers
Union, Local No. 1, 86 Ill. 2d 469, 427 N.E.2d 1199 (1981). There,
the plaintiff argued that the arbitrator's award was inconsistent
with the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48,
pars. 138.5, 138.11). Although the court believed that the
arbitrator was correct, it stated that regardless of his
interpretation of the law, he was entrusted with the determination
of how it was to be applied to the plaintiff. Board of Education
v. Chicago Teachers Union, 86 Ill. 2d at 476. Also, in Board of
Education of Bremen Community High School District No. 228 v.
Bremen District No. 228, Joint Faculty Ass'n, 114 Ill. App. 3d
1051, 1058, 449 N.E.2d 960 (1983), aff'd in part & rev'd in part on
other grounds, 101 Ill. 2d 115, 461 N.E.2d 406 (1984), in rejecting
the contention that the arbitrator erroneously interpreted a
section of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 24-
12), the court found that even if the arbitrator's view of the law
was plainly wrong, it would not be justified in vacating the award.

 Here, we have no basis for concluding that the arbitration
award violated "well-defined and dominant" public policy. Rather
than identifying such a policy, as required by the test outlined by
the supreme court in AFSCME v. DCMS, plaintiff disputes the
arbitrator's statutory interpretation. Thus, because the first
prong of the AFSCME v. DCMS test is not satisfied, the arbitration
award did not violate public policy so as to be subject to
vitiation.
 We have resolved the issues in this appeal without deciding
whether the Wage Actions Act, in referring to "the decision of the
court or jury," encompasses arbitration awards. We have not
addressed that issue because there was no need to do so to resolve
the issues presented. We believe that determination of that matter
is best left to the legislature. Plaintiff contends that the
legislature could not have intended that attorney fee recovery in
arbitration proceedings be treated differently from the recovery
available in court proceedings. Because arbitration is considered
to be easier, more expeditious, and less expensive than litigation 
(Board of Trustees of Community College District No. 508 v. Cook
County College Teachers Union, Local 1600, 102 Ill. App. 3d 681,
430 N.E.2d 249 (1981)), recovery of attorney fees incurred therein
could be deemed to be less important than recovery of costs
incurred in litigation. That is a matter properly left to the
General Assembly.
 Plaintiff's final contention--that the circuit court was
required to confirm the actual damages portion of the arbitration
award as a court judgment even though that portion had been fully
satisfied by payment of the award to plaintiff--is without citation
to pertinent authority in violation of Supreme Court Rule
341(e)(7), which provides that the arguments of appellants must
contain their contentions and reasons therefore with citation of
authorities. 134 Ill. 2d R. 341(e)(7). Points raised in a party's
brief without clearly defined issues and relevant authority may be
deemed waived. Calomino v. Board of Fire & Police Commissioners,
273 Ill. App. 3d 494, 501, 652 N.E.2d 1126 (1995). Accordingly,
plaintiff's final contention is waived.
 In sum, the arbitration award was not in excess of the
arbitrator's authority, manifestly erroneous, or violative of a
"well-defined and dominant" public policy. The judgment of the
circuit court is affirmed.
 Affirmed.
 McNULTY, J., concurs; TULLY, J., dissents.

 
JUSTICE TULLY dissenting:
 I respectfully dissent from the majority's opinion. The
anomaly that has been created by the decision in this case flies in
the face of the Wage Actions Act (705 ILCS 225/0.01 et seq. (West
1994)). This Act provides that an employee is entitled to attorney
fees if a court or jury finds that the employee is owed wages. 
(705 ILCS 225/1 (West 1994)).
 It is also true that a court must interpret an award so as to
validate its finding. American Federation of State, County, &
Municipal Employees v. State of Illinois, 124 Ill. 2d 246, 254, 529
N.E.2d 534 (1988). Because no mention of arbitration is made in
the Wage Actions Act, the majority feel that this Act cannot serve
as a reason for correcting this purported error, i.e., the denial
of attorney fees. I believe that the arbitrator's award violates
a strong public policy shown in the Wage Actions Act. 
 It is my feeling that employers who require or foist
arbitration on their employees by virtue of a contract are
utilizing improper pressure such as, in this instance, withholding
employment. The employer is in a stronger position and, hence, can
require arbitration proceedings. If arbitration proceedings are
not covered by the Wage Actions Act, then laborers can recover only
their back pay and wages less the attorney fees and costs of the
proceedings. This creates an unfair disadvantage for the employee. 
The correct method would require the employer to pay the attorney
fees and costs of the employee, for it is the employer who
wrongfully withheld the wages. For these reasons, I must dissent.