(No. 58611.—

THE BOARD OF EDUCATION OF BREMEN COMMUNITY HIGH SCHOOL DISTRICT NO. 228, Appellant, v. BREMEN DISTRICT NO. 228 JOINT FACULTY ASSOCIATION, *et al.*, Appellees.

*Opinion filed February 1, 1984.—Rehearing denied March 30, 1984.*

116

Anthony Scariano and Robert H. Ellch, of Scariano, Kula & Associates, P.C., of Chicago Heights, for appellant.

Michael B. Erp, Irving M. Friedman, and Ann C. Hodges, of Katz, Friedman, Schur & Eagle, of Chicago,

for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Board of Education of Bremen Community High School District No. 228, Cook County, appealed from the judgment of the circuit court of Cook County confirming and ordering enforcement of an arbitrator's award made in plaintiff's dispute with defendant, Bremen District No. 228 Joint Faculty Association. The appellate court affirmed (114 Ill. App. 3d 1051) and we allowed plaintiff's petition for leave to appeal (87 Ill. 2d R. 315(a)). The facts are adequately set forth in the opinion of the appellate court and will be restated here only to the extent necessary to discuss the issues.

On March 1, 1982, the superintendent of plaintiff district sent a letter to the president of the defendant advising her that, because of a projected decrease in enrollment, plaintiff would be required to dismiss 10 tenured teachers. At its meeting held on March 22, 1982, plaintiff's board decided to dismiss eight tenured teachers, and the teachers were notified the next day that they were honorably dismissed from employment. Defendant filed two grievances on behalf of the teachers who were terminated and filed suit seeking injunctive relief from the violation of the public-hearing requirement in section 24—12 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 24—12) or, alternatively, expedited arbitration of the grievances. The circuit court entered an order which, *inter alia*, provided:

> "*** the parties are instructed by the Court to proceed forthwith to cooperatively expedite their hearing before their mutually selected Arbitrator on the consolidated grievances in American Arbitration Association Case No. 5139039982B, including all issues raised in plaintiffs' 1st Amended Complaint ***."

The parties selected an arbitrator and evidentiary hearings were held.

Plaintiff and defendant were parties to a "procedural agreement" which provided for arbitration of grievances and contained the following provision:

"The arbitrator shall have no power to alter, add to, or subtract from the terms of this Agreement or require action that is prohibited by law. The sole power of the arbitrator shall be to determine whether the terms of this Agreement have been violated, misinterpreted, or misapplied. The decision of the arbiter shall be rendered to the Board and to the grievant in writing and shall be binding upon both parties."

The issues submitted to the arbitrator were stated as follows:

"One, did Bremen School District Number 228 violate, misinterpret, or misapply in any provision of its collective bargaining agreement with the Joint Faculty Association, IEA-NEA, which provisions are cited in a grievance filed on March 22 and March 23, 1982, when the board voted to give notice to honorably dismiss certain tenured bargaining unit members on March 22, 1982?

Two, did Bremen School District Number 228 violate, misinterpret, or misapply any provision of its collective bargaining agreement with the Joint Faculty Association, IEA-NEA, which provisions are cited in a grievance filed on March 22 and March 23, 1982, when the board voted not to rehire certain non-tenured bargaining unit members on March 22, 1982?

Three, did Bremen School District Number 228 violate the Illinois Code, Chapter 122, Section 24—12 by failing to hold a public hearing prior to the board's March 22 decision to honorably dismiss certain tenured teachers?"

Article XX, section 9d, of the procedural agreement provided:

"If a reduction of tenured certificated personnel occurs, it will be in accordance with Chapter 122, Article 24—12 of the *School Code* of Illinois."

Section 24—12 in pertinent part provided:

"If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given the teacher by registered mail at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reason therefor ***. Whenever the number of honorable dismissal notices based upon economic necessity exceeds 5, or 150% of the average number of teachers honorably dismissed in the preceding 3 years, whichever is more, then the board shall hold a public hearing on the question of the dismissals. Following the hearing and board review the action to approve any such reduction shall require a majority vote of the board members." Ill. Rev. Stat. 1981, ch. 122, par. 24—12.

The arbitrator found that plaintiff violated article XX, section 9d, "when it effected the honorable dismissals of eight tenured teachers because of economic necessity without holding a public hearing on the dismissals as required by Chapter 122, article 24—12 of the School Code of Illinois." He found that the notices of honorable dismissal to the eight tenured teachers were void and ordered the reinstatement of the five teachers who had not already been reemployed.

Plaintiff filed suit and in its complaint, as amended, asked that the award be vacated. Defendants filed a counterclaim praying that the award be confirmed. Both parties moved for summary judgment, and the circuit court entered summary judgment in favor of the defendants. The appellate court affirmed.

Plaintiff contends that the arbitrator exceeded his authority and assumed the nondelegable power of the board of education to determine whether there was economic necessity for honorable dismissal of the teachers. It argues that there was no testimony to show that economic consid-

erations were the cause of the dismissal, and that the testimony shows that the reduction in the teaching staff resulted from the intention to maintain in the school district its traditional 23.5-to-1 teacher-student ratio. Plaintiff interprets the opinion of the appellate court to hold "[t]hat a school board may delegate to an arbitrator the authority to determine the existence of 'economic necessity' and therefore whether a public hearing on the question of honorable dismissals is required by section 24—12 of the School Code."

We do not agree with plaintiff either as to its interpretation of the appellate court opinion or that the arbitrator was given authority to determine, or that he determined, the existence of "economic necessity." The question presented to the arbitrator was not whether there was in fact economic necessity for the dismissals of the teachers but whether the board's action was based on economic necessity. He found from the evidence submitted that the board acted because of economic necessity when it effected the dismissals of the teachers.

The inclusion of the provision in the procedural agreement that reduction of tenured certificated personnel would be made in accordance with section 24—12 of the School Code neither expanded nor reduced the powers of the plaintiff or the rights of the school teachers whose tenured positions were involved. (*Illinois Education Association Local Community High School District 218 v. Board of Education* (1975), 62 Ill. 2d 127.) The power to determine whether to act on the basis of economic necessity was nondelegable and vested exclusively in plaintiff's board, but a grievance arising out of a charge that action purportedly taken for other reasons was in fact based upon economic necessity was, under the agreement, subject to arbitration.

Plaintiff contends next that the failure to hold the public hearing provided for in section 24—12 of the School

Code does not vitiate timely notices of honorable dismissal. It argues that there is no indication that the General Assembly intended that timely notices of honorable dismissal be voided by the board's failure to hold the public hearing. Analogizing to violations of the Open Meetings Act (Ill. Rev. Stat. 1981, ch. 102, pars. 41 through 46) and our holding in *Goodman v. Regional Transportation Authority* (1976), 66 Ill. 2d 20, it argues that, assuming failure to hold the hearing, the notices are nevertheless valid. We do not agree. The purpose of the tenure statutes is to assure continuous service on the part of teachers of ability and experience (*Donahoo v. Board of Education* (1952), 413 Ill. 422, 425; *Lenard v. Board of Education* (1979), 74 Ill. 2d 260, 268) and to that end its provisions should be strictly construed. We hold that the notices given, in the absence of the public hearing required by the statute, were void.

Plaintiff contends that defendants have no standing to challenge the honorable dismissals on the ground that the public-hearing provision of section 24—12 of the School Code was violated. It argues that defendants are without standing unless they can show that the purpose of the statute was to include teachers as members of a protected class. It argues too that "[t]he common sense construction of this provision gives every indication that the public hearing provision was meant to inure to the benefit of those members of the general public who are School District residents." Finally, it argues that a teacher's remedies are limited to those provided for notice and a hearing before a disinterested hearing officer. We do not agree that tenured teachers are excluded from those whom the statute was designed to protect and find plaintiff's contention to be utterly without merit.

We consider next plaintiff's contention that the arbitrator exceeded his authority in purporting to provide a remedy for violation of the collective-bargaining agreement by ordering the reinstatement of the aggrieved teachers. We

agree with the appellate court "that the arbitrator did not have authority to remedy violation of the collective bargaining agreement by ordering reinstatement of the aggrieved teachers" (114 Ill. App. 3d 1051, 1058). We do not agree, however, that by reason of section 24—11 (Ill. Rev. Stat. 1981, ch. 122, par. 24—11) of the School Code the teachers were reemployed by operation of law.

The appropriate remedy for the violation of the teachers' tenure rights depends upon certain circumstances not shown (*Walter v. Board of Education* (1982), 93 Ill. 2d 101), and cannot be determined from this record. The portion of the award ordering reinstatement of the teachers must therefore be reversed. For the reasons stated, insofar as the judgments of the circuit and appellate courts confirmed the award of the arbitrator ordering reinstatement of the teachers, the judgments are reversed, and in all other respects said judgments are affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed in part and reversed in part.*