BLUE CAT LOUNGE, INC., Plaintiff-Appellee, v. LICENSE APPEAL COMMISSION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees (Parkway Bank and Trust Company, as Trustee, Defendant-Appellant).

First District (2nd Division)   No. 1—95—0811

Opinion filed June 11, 1996.

Robert J. Weber and Anne T. Bottini, both of Chicago, for appellant.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Mardell Nereim, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE DiVITO delivered the opinion of the court:

This appeal involves questions related to the revocation of a liquor license. At issue is whether the circuit court erred in striking the memorandum of law filed by the owner of the real estate that housed the tavern, in denying the owner's motion to realign, and in affirming the revocation of the liquor license. For the reasons that follow, we affirm.

Following the revocation of its liquor license by the Local Liquor Control Commission of the City of Chicago, plaintiff Blue Cat Lounge,

Inc. (Blue Cat), appealed to the License Appeal Commission of the City of Chicago. Defendant Parkway Bank and Trust Company (Parkway), the owner of the property upon which Blue Cat operated its tavern, intervened because if Blue Cat were to lose its liquor license, Parkway, under the "one-year freeze" provision of the Liquor Control Act (the Act) (235 ILCS 5/1—1 et seq.), would be unable to utilize its premises as a tavern for a period of one year thereafter. 235 ILCS 5/7—13 (West 1992) (when a liquor license is revoked, no liquor license will be granted to any person on the same premises for a period of one year thereafter).

The License Appeal Commission affirmed the order of revocation and Blue Cat, on May 23, 1994, filed a complaint for administrative review in the circuit court, naming Parkway, inter alia, as defendant. On May 31, 1994, Parkway appeared as a named defendant and intervenor.

On September 26, 1994, Parkway moved for leave to file a counterclaim asserting that the City of Chicago (the City) failed to take the steps necessary to bind it to the land use restrictions and that if the City could take advantage of those restrictions without taking the necessary procedural and substantive steps, then those restrictions were unconstitutional. That motion was denied on November 28, 1994, but Parkway was allowed to file a memorandum of law briefing the issues it sought to raise in its counterclaim.

On January 30, 1995, the City moved to strike Parkway's memorandum of law, alleging that Parkway, as defendant, could not attack the order of revocation or, alternatively, that Parkway had to file a separate action within the 35-day limit for seeking administrative review. On February 16, 1995, Parkway filed a motion to realign as party-plaintiff. The circuit court struck Parkway's memorandum of law, denied its motion to realign, and affirmed the order of revocation. Parkway appeals those orders.

■ The City points out that Parkway has not provided transcripts of the hearings in the circuit court regarding its motion to realign and its memorandum of law. Despite Parkway's response that it did not have to file a report of the proceedings because it raises only legal issues in this appeal, its argument applies only to its constitutional arguments.

Where, as here, an appellant fails in its duty to provide a record on appeal sufficient for reviewing the issues raised, a reviewing court must presume that the circuit court's judgment was correct. Fantasia v. Wiesch, 273 Ill. App. 3d 102, 105, 651 N.E.2d 693 (1995). Because Parkway has failed to provide transcripts or bystander reports of the proceedings regarding the memorandum of law and the motion to

realign and because the order of the circuit court does not provide its rationale, we have an insufficient basis for review and we must presume that the rulings of the circuit court were correct.

We agree with Parkway that the circuit court had the power to realign the parties and that realignment may occur after the 35-day period in which a complaint for administrative review must be filed. *Reichard v. Zoning Board of Appeals*, 8 Ill. App. 3d 374, 380, 290 N.E.2d 349 (1972). Nothing in either *Reichard* or the Act, however, requires a circuit court to grant realignment, especially when it is requested nine months after a party first files its appearance.

■ Despite our reservations concerning the propriety of Parkway attacking a judgment in favor of its codefendants, we nevertheless turn to its substantive arguments. Parkway first requests that we imply a *scienter* requirement, "knowingly permit," in section 7—13 of the Act. Section 7—13 provides: "When any license shall have been revoked for any cause, no license shall be granted to any person for the period of one year thereafter for the conduct of the business of manufacturing, distributing or selling alcoholic liquor in the premises described in such revoked license." 235 ILCS 5/7—13 (West 1992). Parkway asserts that because it did not "knowingly permit" the violation in this case, section 7—13 does not apply.

"The primary rule of statutory interpretation is that a court should ascertain and give effect to the intention of the legislature." *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 91, 606 N.E.2d 1111 (1992). The clear language of the statute is the best indicator of legislative intent. *People v. NL Industries*, 152 Ill. 2d 82, 97, 604 N.E.2d 349 (1992).

■ Parkway relies on section 10—2 of the Act to support its argument that "knowingly permit" should be implied in section 7—13. Section 10—2 provides that if the owner of licensed premises "shall knowingly permit" the licensee to use the premises in violation of the Act, the owner shall be guilty to the same extent as the licensee and shall be subject to the same punishment. 235 ILCS 5/10—2 (West 1992). Thus, if Parkway had "knowingly permitted" the offense leading to the revocation of Blue Cat's liquor license, it would have been subject to fines or permanent ineligibility for licensing. 235 ILCS 5/7—5, 6/6—2 (West 1992). Such greater sanctions are consistent with a heightened *scienter* requirement. Accordingly, we find no basis for departing from the rule of statutory construction that "when the legislature uses certain words in one instance and different words in another, it intends a different meaning." *In re Marriage of Walters*, 238 Ill. App. 3d 1086, 1092, 604 N.E.2d 432 (1992). If the legislature intended a *scienter* requirement in section 7—13 to protect unwitting owners, it could have so stated.

■ Parkway's next contention is that section 7—13 is unconstitutional because it is effective against landowners without notice and opportunity to be heard. Although Parkway contends that its interest in a liquor license is a property right protected by the due process clause of the fourteenth amendment, Illinois law is clear that such a license is a privilege which "shall not constitute property." 235 ILCS 5/6—1 (West 1992); *Black Knight Restaurant, Inc. v. City of Oak Forest*, 159 Ill. App. 3d 1016, 1018, 513 N.E.2d 109 (1987). Because Parkway's interest is a privilege, not a property right, the procedural due process protections of the fourteenth amendment do not apply. *Interstate Material Corp. v. City of Chicago*, 273 Ill. App. 3d 527, 653 N.E.2d 8 (1995) (in order to establish procedural due process claim, party must show that it has a constitutionally protected property or liberty interest).

■ Parkway also asserts that section 7—13 affects a taking of private property in violation of the takings clause of the fifth amendment, for which just compensation must be paid.

"[W]hen the owner of real property 'has been called upon to sacrifice *all* economically beneficial uses in the name of the common good, that is, to leave [its] property economically idle, [it] has suffered a taking." (Emphasis in original.) *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1019, 120 L. Ed. 2d 798, 815, 112 S. Ct. 2886, 2895 (1992). There is no set formula to determine what defines a taking; rather, the issue is decided on a case-specific basis. *Lucas*, 505 U.S. at 1015, 120 L. Ed. 2d at 812, 112 S. Ct. at 2892-93; *Tim Thompson, Inc. v. Village of Hinsdale*, 247 Ill. App. 3d 863, 886, 617 N.E.2d 1227 (1993), *appeal denied*, 152 Ill. 2d 581, 622 N.E.2d 1229 (1993). Although something less than a complete deprivation of the economic use of property may be a taking, the exact point at which regulation becomes a taking is an open question. *Lucas*, 505 U.S. at 1019 n.8, 120 L. Ed. 2d at 815 n.8, 112 S. Ct. at 2895 n.8; *Thompson*, 247 Ill. App. 3d at 887.

The facts here, however, do not approach that point. Parkway was temporarily denied the privilege of selling liquor on its property; the deprivation was not permanent and Parkway could use its property for other purposes during the suspension of the licensing privilege. Accordingly, we find no unconstitutional taking.

■ Parkway argues that the one-year freeze provision of section 7—13 is an excessive punishment under the eighth amendment. Because the revocation of a privilege voluntarily granted is considered a remedial sanction, not punishment, that argument fails. *Larkin v. Hartigan*, 250 Ill. App. 3d 969, 976, 620 N.E.2d 598 (1993), citing *Helvering v. Mitchell*, 303 U.S. 391, 82 L. Ed. 917, 58 S. Ct. 630 (1938).

■ Finally, because we have found no violation of Parkway's constitutional rights, we reject its contention that the City is in violation of the Federal Civil Rights Act (42 U.S.C. § 1983 (1992)).

The judgment of the circuit court is affirmed.

Affirmed.

HARTMAN, P.J., and BURKE, J., concur.