DENNIS HEATHERLY, Plaintiff-Appellant, v. RODMAN AND RENSHAW, INC., Defendant-Appellee.

First District (2nd Division)   No. 1—96—2240

Opinion filed March 18, 1997.

TULLY, J., dissenting.

Peter S. Lubin, of McConnell & Mendelson, of Chicago, for appellant.

Michael A. Pollard and John M. Murphy, both of Baker & McKenzie, of Chicago, for appellee.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiff Dennis Heatherly filed a petition in the circuit court of Cook County, seeking to confirm a portion and vacate a portion of an arbitration award. At issue in this appeal is whether the circuit court erred in dismissing his petition. For the reasons that follow, we affirm.

In June 1994, plaintiff submitted a claim for arbitration to the National Association of Securities Dealers, Inc., contending that defendant Rodman & Renshaw, Inc., violated his employment agreement by not paying commissions and salary he was owed. In November 1995, following a hearing, the arbitrator awarded plaintiff $27,236.95 in unpaid wages but provided that each party was to bear its own costs, expenses, and attorney fees.

In December 1995, plaintiff filed this action, a petition to confirm the actual damages portion of the arbitration award and to vacate or modify the portion of the award denying costs and attorney fees. Plaintiff contended that he was entitled to attorney fees under the Attorneys Fees in Wage Actions Act (the Wage Actions Act) (705 ILCS 225/0.01 *et seq.* (West 1994)), which provides that where an employee "establishes by the decision of the court or jury" that he is owed wages, he is entitled to attorney fees. 705 ILCS 225/1 (West 1994). In March 1996, finding that the Wage Actions Act did not apply to arbitration proceedings, the circuit court granted defendant's motion to dismiss with prejudice. Plaintiff subsequently filed a motion for reconsideration, providing additional documentary evidence and citing additional authority. That motion was denied on June 20, 1996. Plaintiff appeals the circuit court's dismissal of the petition and the denial of the motion for reconsideration.

■ As a preliminary matter, defendant asserts that because plaintiff failed to provide a record of the arbitration proceedings, this court must presume that the judgment of the arbitrator was correct. *Blue Cat Lounge, Inc. v. License Appeal Comm'n*, 281 Ill. App. 3d 643, 645, 667 N.E.2d 554 (1996). Although it would be preferable to have a record of the arbitration proceedings, because we have a complete record of the proceedings before the circuit court, whose judgment is the basis of this appeal, we have a sufficient basis for review.

In contending that the circuit court erred in failing to vacate the portion of the arbitration award denying him attorney fees, plaintiff intermingles three distinct issues—whether the arbitrator's award was manifestly erroneous, in excess of her authority, or violative of public policy. We address each in turn.

■ It is well settled that judicial review of an arbitrator's award is extremely limited. *American Federation of State, County & Municipal Employees v. Department of Central Management Services*, 173 Ill. 2d 299, 304, 671 N.E.2d 668 (1996) (hereinafter *AFSCME v. DCMS*). Because the parties have agreed to have their disputes settled by the arbitrator, it is her view that the parties have agreed to accept, and the court will not overrule an award simply because its interpretation differs from that of the arbitrator. *AFSCME v. DCMS*, 173 Ill. 2d at 305. To do otherwise would substitute the judgment of the court for that of the decisionmaker chosen by the parties and " 'would make an award the commencement, not the end, of litigation.' " *Rauh v. Rockford Products Corp.*, 143 Ill. 2d 377, 395, 574 N.E.2d 636 (1991), quoting *Burchell v. Marsh*, 58 U.S. (17 How.) 344, 349, 15 L. Ed. 96, 99 (1855). Thus, a court must construe an award so as to uphold its validity, if possible. *American Federation of State,*

*County & Municipal Employees v. State of Illinois*, 124 Ill. 2d 246, 254, 529 N.E.2d 534 (1988) (hereinafter *AFSCME v. Illinois*).

■ Section 12 of the Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 1994)) expressly authorizes five grounds for judicial vacation of an arbitration award, including that the arbitrator exceeded her powers. 710 ILCS 5/12 (West 1994). In addition to those statutory bases, a court may vacate an award where it is in contravention of paramount considerations of public policy. *Department of Central Management Services v. American Federation of State, County & Municipal Employees*, 222 Ill. App. 3d 678, 686, 584 N.E.2d 317 (1991). A mistake of law or fact will not serve as a basis to vacate an award, unless the error is gross and apparent on the face of the award. *Board of Education v. Chicago Teachers Union, Local No. 1*, 86 Ill. 2d 469, 477, 427 N.E.2d 1199 (1981); *Water Pipe Extension, Bureau of Engineering Laborers' Local Union 1092 v. City of Chicago*, 238 Ill. App. 3d 43, 46, 606 N.E.2d 112 (1992).

■ Plaintiff's first contention is that the arbitrator exceeded the scope of her authority in denying him attorney fees. An arbitrator exceeds her authority when she decides matters that were not submitted to her. *Perkins Restaurants Operating Co., L.P. v. Van Den Bergh Foods Co.*, 276 Ill. App. 3d 305, 310, 657 N.E.2d 1085 (1995). Here, in arguing that the arbitrator should have awarded attorney fees, plaintiff necessarily concedes that she had the authority to decide that matter. It follows that, because plaintiff disputes only the result reached by the arbitrator, not her authority to act, we must reject his contention that the arbitrator exceeded her authority in deciding his claim for attorney fees.

■ Plaintiff's next contention is that the arbitrator committed manifest error in disregarding the provisions of the Wage Actions Act. That act provides:

> "Whenever a mechanic, artisan, miner, laborer, servant or employee brings an action for wages earned and due and owing according to the terms of the employment, and establishes by *the decision of the court or jury* that the amount for which he or she has brought the action is justly due and owing, and that a demand was made in writing at least 3 days before the action was brought, for a sum not exceeding the amount so found due and owing, then the court shall allow to the plaintiff a reasonable attorney fee of not less than $10, in addition to the amount found due and owing for wages, to be taxed as costs of the action." (Emphasis added.) 705 ILCS 225/1 (West 1994).

The Wage Actions Act is mandatory in nature. *Schackleton v. Federal Signal Corp.*, 196 Ill. App. 3d 437, 446, 554 N.E.2d 244 (1989).

■ Plaintiff asserts that the arbitrator was required to award attorney fees because the statutory language, "the decision of the court or jury," includes the decision of an arbitrator. We need not address the validity of plaintiff's statutory construction because, assuming, *arguendo*, that the arbitrator erred in construing "the decision of the court or jury" to exclude arbitration awards, errors in law may vitiate an award only if gross and apparent on the face of the award. *Water Pipe Extension*, 238 Ill. App. 3d at 46. An example of a gross mistake of law that would vitiate an award would be if the arbitrator "considered an old version of the workers' compensation statutes that had since been amended, unbeknownst to the arbitrator." *Board of Education v. Chicago Teachers Union*, 86 Ill. 2d at 477. Here, because the purported error is not apparent on the face of the award, it cannot serve as a basis for vitiation. See *Chicago Transit Authority v. Amalgamated Transit Union Local 308*, 244 Ill. App. 3d 854, 866, 614 N.E.2d 120 (1993) (rejecting plaintiff's argument that award should be vacated as conflicting with Illinois worker's compensation law because no mention was made of worker's compensation on face of award). Accordingly, plaintiff's contention that the award should be vacated because it disregards the law must be rejected.

■ Plaintiff also contends that the arbitrator's award contravened the strong public policy manifested in the Wage Actions Act. Defendant responds that even assuming, *arguendo*, that the award was in violation of the Wage Actions Act, the error was simply a mistake of law that is not grounds for vacating an arbitrator's award.

The doctrine that courts may refuse to enforce arbitration awards that violate public policy "derives from the basic notion that no court will lend its aid to one who founds a cause of action upon an immoral or illegal act." *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 42, 98 L. Ed. 2d 286, 301, 108 S. Ct. 364, 373 (1987) (hereinafter *Misco*). In *AFSCME v. DCMS*, 173 Ill. 2d 299, 671 N.E.2d 668, the Illinois Supreme Court recently revisited the public policy exception to limited judicial review of arbitration awards. There, the court noted that the public policy exception is a narrow one that is to be invoked only where the contravention of public policy is clearly shown. *AFSCME v. DCMS*, 173 Ill. 2d at 307.

The *AFSCME v. DCMS* court provided a two-step analysis to be used in determining whether to vacate an award as violative of public policy considerations. First, a court must determine whether a "well-defined and dominant" public policy can be identified. *AFSCME v. DCMS*, 173 Ill. 2d at 307. If that question is answered affirmatively, the court must decide whether the award violated the policy. *AFSCME v. DCMS*, 173 Ill. 2d at 307-08.

We look first to the Wage Actions Act in determining whether a "well-defined and dominant" public policy is implicated here. *Misco*, 484 U.S. at 43, 98 L. Ed. 2d at 302, 108 S. Ct. at 373; see also *AFSCME v. DCMS*, 173 Ill. 2d at 307 (a court will first look to the constitution and statutes when determining questions regarding public policy). It has been stated that the Wage Actions Act embodies a legislative determination that laborers who have been unpaid should be made whole without their having to bear collection expenses. *Avco Delta Corp. Canada, Ltd. v. United States*, 484 F.2d 692, 705 (7th Cir. 1973).

We note that the fact that public policy is reflected in legislative enactments cannot mean that every statute necessarily reflects a "well-defined and dominant" public policy. To hold that every statute reflects such a policy would result in impermissibly broad judicial review; that is, if all statutes embodied "well-defined and dominant" policy, an award that misapplied a statute would violate public policy so as to be subject to vitiation. That result would clearly contravene the principle that a mistake of law will not serve as grounds for vacating an award.

In any event, a review of cases applying the public policy exception is helpful in determining whether the public policy manifested in the Wage Actions Act is sufficiently "well-defined and dominant" to be grounds for vacating an arbitrator's award. In *AFSCME v. DCMS*, an arbitrator reinstated a Department of Children and Family Services (DCFS) employee who was discharged after it was discovered that she reported that three children who had died accidentally in a fire were "doing fine." *AFSCME v. DCMS*, 173 Ill. 2d at 301. After reviewing the Children and Family Services Act (20 ILCS 505/1 *et seq.* (West 1992)), the court concluded that there exists a "well-defined and dominant" public policy "against DCFS's employment of individuals whose dishonesty and neglect could seriously undermine the welfare, safety, and protection of minors." *AFSCME v. DCMS*, 173 Ill. 2d at 316.

In *Department of Central Management Services v. American Federation of State, County & Municipal Employees*, 197 Ill. App. 3d 503, 554 N.E.2d 759 (1990), *appeal denied*, 133 Ill. 2d 556, 561 N.E.2d 692 (1990), the court recognized a clear public policy against battering prisoners. Also, in *Board of Education of School District U-46 v. Illinois Educational Labor Relations Board*, 216 Ill. App. 3d 990, 576 N.E.2d 471 (1991), *appeal denied*, 142 Ill. 2d 651, 584 N.E.2d 126 (1991), the court reviewed judicial decisions, statutes, and local regulations in concluding that public policy favors the safe transportation of school children. *Board of Education of School District U-46*

*v. Illinois Educational Labor Relations Board*, 216 Ill. App. 3d at 1002. In the foregoing cases, the courts vacated an arbitration award reinstating an employee because the reinstatement violated the identified public policy. *AFSCME v. DCMS*, 173 Ill. 2d at 336; *Board of Education of School District U-46 v. Illinois Educational Labor Relations Board*, 216 Ill. App. 3d at 1006; *Department of Central Management Services v. American Federation of State, County & Municipal Employees*, 197 Ill. App. 3d at 515. We note that common to each was the threat to the health, safety, or welfare of the public.

In contrast, considerations of public policy that have been held to be insufficient to vacate an arbitration award include policies against the operation of dangerous machinery by persons under the influence of drugs or alcohol (*Misco*, 485 U.S. at 44, 98 L. Ed. 2d at 302, 108 S. Ct. at 374), the reinstatement of Illinois Department of Mental Health employees discharged for mistreatment of service recipients (*AFSCME v. Illinois*, 124 Ill. 2d at 263), and ensuring the integrity of the correctional system (*Department of Central Management Services v. American Federation of State, County & Municipal Employees*, 222 Ill. App. 3d at 688).

Here, the failure to award attorney fees in an action for wages due does not rise to the level of the sort of immoral or illegal acts that are so repugnant to public policy that an arbitration award based upon them must be vacated. See *Fotochrome, Inc. v. Copal Co.*, 517 F.2d 512, 516 (2d Cir. 1975) (public policy limitation should be applied only where enforcement would violate the most basic notions of morality and justice). Plaintiff provides no authority that reflects the public importance of the Wage Actions Act. *Cf. Board of Education of School District U-46 v. Illinois Educational Labor Relations Board*, 216 Ill. App. 3d at 1002 (relying on judicial decisions reflecting importance of child safety policy). Nor does the Wage Actions Act itself manifest a legislative determination that it should be deemed paramount to the prevalent policy favoring finality in arbitration. *Cf. AFSCME v. DCMS*, 173 Ill. 2d at 312 (noting that the General Assembly specifically charged DCFS to promote and protect the welfare of children). Thus, assuming, *arguendo*, that the arbitrator's interpretation of the Wage Actions Act was in fact error, such error bears close resemblance to those mistakes of law that are not a basis for vitiating an award.

Guidance is found in *Board of Education v. Chicago Teachers Union, Local No. 1*, 86 Ill. 2d 469, 427 N.E.2d 1199 (1981). There, the plaintiff argued that the arbitrator's award was inconsistent with the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, pars. 138.5, 138.11). Although the court believed that the arbitrator was correct,

it stated that *regardless of his interpretation of the law*, he was entrusted with the determination of how it was to be applied to the plaintiff. *Board of Education v. Chicago Teachers Union*, 86 Ill. 2d at 476. Also, in *Board of Education of Bremen Community High School District No. 228 v. Bremen District No. 228, Joint Faculty Ass'n*, 114 Ill. App. 3d 1051, 1058, 449 N.E.2d 960 (1983), *aff'd in part & rev'd in part on other grounds*, 101 Ill. 2d 115, 461 N.E.2d 406 (1984), in rejecting the contention that the arbitrator erroneously interpreted a section of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 24—12), the court found that even if the arbitrator's view of the law was plainly wrong, it would not be justified in vacating the award.

Here, we have no basis for concluding that the arbitration award violated "well-defined and dominant" public policy. Rather than identifying such a policy, as required by the test outlined by the supreme court in *AFSCME v. DCMS*, plaintiff disputes the arbitrator's statutory interpretation. Thus, because the first prong of the *AFSCME v. DCMS* test is not satisfied, the arbitration award did not violate public policy so as to be subject to vitiation.

We have resolved the issues in this appeal without deciding whether the Wage Actions Act, in referring to "the decision of the court or jury," encompasses arbitration awards. We have not addressed that issue because there was no need to do so to resolve the issues presented. We believe that determination of that matter is best left to the legislature. Plaintiff contends that the legislature could not have intended that attorney fee recovery in arbitration proceedings be treated differently from the recovery available in court proceedings. Because arbitration is considered to be easier, more expeditious, and less expensive than litigation (*Board of Trustees of Community College District No. 508 v. Cook County College Teachers Union, Local 1600*, 102 Ill. App. 3d 681, 430 N.E.2d 249 (1981)), recovery of attorney fees incurred therein could be deemed to be less important than recovery of costs incurred in litigation. That is a matter properly left to the General Assembly.

■ Plaintiff's final contention—that the circuit court was required to confirm the actual damages portion of the arbitration award as a court judgment even though that portion had been fully satisfied by payment of the award to plaintiff—is without citation to pertinent authority in violation of Supreme Court Rule 341(e)(7), which provides that the arguments of appellants must contain their contentions and reasons therefor, with citation of authorities. 134 Ill. 2d R. 341(e)(7). Points raised in a party's brief without clearly defined issues and relevant authority may be deemed waived. *Calomino v. Board of Fire & Police Commissioners*, 273 Ill. App. 3d 494, 501, 652 N.E.2d 1126 (1995). Accordingly, plaintiff's final contention is waived.

In sum, the arbitration award was not in excess of the arbitrator's authority, manifestly erroneous, or violative of a "well-defined and dominant" public policy. The judgment of the circuit court is affirmed.

Affirmed.

McNULTY, J., concurs.

JUSTICE TULLY, dissenting:

I respectfully dissent from the majority's opinion. The anomaly that has been created by the decision in this case flies in the face of the Wage Actions Act (705 ILCS 225/0.01 *et seq.* (West 1994)). This act provides that an employee is entitled to attorney fees if a court or jury finds that the employee is owed wages. 705 ILCS 225/1 (West 1994).

It is also true that a court must interpret an award so as to validate its finding. *American Federation of State, County & Municipal Employees v. State of Illinois*, 124 Ill. 2d 246, 254, 529 N.E.2d 534 (1988). Because no mention of arbitration is made in the Wage Actions Act, the majority feel that this act cannot serve as a reason for correcting this purported error, *i.e.*, the denial of attorney fees. I believe that the arbitrator's award violates a strong public policy shown in the Wage Actions Act.

It is my feeling that employers who require or foist arbitration on their employees by virtue of a contract are utilizing improper pressure such as, in this instance, withholding employment. The employer is in a stronger position and, hence, can require arbitration proceedings. If arbitration proceedings are not covered by the Wage Actions Act, then laborers can recover only their back pay and wages less the attorney fees and costs of the proceedings. This creates an unfair disadvantage for the employee. The correct method would require the employer to pay the attorney fees and costs of the employee, for it is the employer who wrongfully withheld the wages. For these reasons, I must dissent.