IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 5, 2001 Session

# WARBINGTON CONSTRUCTION, INC. v. FRANKLIN LANDMARK, L.L.C.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 99-3459-I; The Honorable Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M2000-00676-COA-R3-CV - Filed July 25, 2001**

---

This appeal involves the vacating of an arbitration award by the court below. The trial court applied nonstatutory grounds to vacate the decision of the arbitrator. Because we decline to adopt the nonstatutory grounds for judicial review of an arbitration award under the Federal Arbitration Act, we reverse.

---

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and FARMER, J., joined.

David K. Taylor, Nashville, TN, for Appellant

Jefferson C. Orr, Christopher S. Dunn, Nashville, TN, for Appellee

## OPINION

### Facts and Procedural History

The appellant, Warbington Construction, Inc., (Warbington), is a general contractor. At all times relevant to this appeal, Warbington was an unincorporated business entity. The appellee, Franklin Landmark, LLC, (Franklin), is a business engaged in the ownership and management of motel properties.

The dispute in this case arises out of a contract entered into by the parties for the construction of a Howard Johnson Express Motel in Franklin, Tennessee. Warbington and Franklin entered into a contract for the construction of the motel for a price of $1,440,000.00. Warbington began work

on the project in August 1997. Thereafter, Warbington performed all work under the contract except certain "punch list" items. When Warbington submitted its final payment request from Franklin, Franklin refused, stating that Warbington had not completely fulfilled its duties under the contract. As a result, Warbington initiated arbitration pursuant to the contract.

The parties underwent three days of arbitration in August of 1999. One of the issues raised by Franklin during arbitration was whether Warbington was properly licensed under Tennessee's Contractor Licensing Laws.[1] Warbington's license only authorized it to enter into construction contracts for one million dollars or less. The contract at issue, however, was for 1.4 million dollars. Therefore, Franklin argued that under the statutes governing contractors in Tennessee, unlicensed contractors may only recover their actual documented expenses if they present clear and convincing evidence of these expenses. Warbington, on the other hand, argued that it was engaged in a joint venture on the Franklin project with a Pennsylvania corporation named Bilt-Rite Contractors, Inc. (Bilt-Rite). Bilt-Rite's license was unlimited, and it is undisputed that the Board Rules governing contractors allow two validly licensed contractors to form a joint venture and combine their monetary limitations so that they may bid and undertake projects which would otherwise exceed their individual limitations. There was conflicting proof on the issue of whether Warbington and Bilt-Rite were engaged in a joint venture, and the arbitrator did not make a specific finding on this issue.

On October 1, 1999, the arbitrator awarded $75,331.81 to Warbington on its substantive claims and $6,408.88 in pre-judgment interest. The arbitrator awarded $14,915.70 to Franklin on its counterclaim. The result was a net award to Warbington in the amount of $66,824.99.

On November 30, 1999, Warbington filed a Motion to Confirm Arbitration Award in Davidson County Chancery Court pursuant to the Tennessee Uniform Arbitration Act. Franklin responded by filing an Application to Vacate Arbitration Award Rendered in Favor of Plaintiff and to Confirm Arbitration Award Rendered in Favor of Defendant. Franklin argued that two grounds that have been judicially grafted into the Federal Arbitration Act warranted vacating the arbitration award. Franklin specifically argued that the arbitrator committed manifest disregard of Tennessee's Contractor Licensing laws as well as violated the public policy of the laws. Franklin argued that since Warbington's license only allowed it to contract for jobs valued at one million dollars or less and the contract at issue was for 1.4 million dollars, Warbington should have been subject to the statutory penalty set out under Tennessee law, which states that unlicenced contractors shall only be permitted to recover actual documented expenses upon a showing of clear and convincing proof.

On March 6, 2000, the chancellor granted Franklin's Motion to Vacate the Arbitration Award. The chancellor found that the arbitration award was rendered in manifest disregard of the Tennessee Contractor's Licensing Act codified at section 62-6-101 *et. seq.*, of the Tennessee. Code. The court further found that the arbitration award was in violation of Tennessee public policy. The court upheld the $14,915.70 award to Franklin.

---

[1] See TENN. CODE ANN. §62-6-101 *et. seq.* (1997).

Warbington appeals the decision of the trial court, and presents the following issues, as quoted from their brief, for our review:

I. In an issue of first impression under Tennessee Law, should Tennessee trial courts, like the trial court below, be allowed to consider and apply nonstatutory grounds to vacate an arbitration award under the Federal Arbitration Act.

II. Is the arbitration award in favor of Appellant subject to being vacated under the specific statutory provisions of the Federal Arbitration Act.

III. Assuming that this court rules that the trial court below could apply nonstatutory grounds under the Federal Arbitration Act to vacate the arbitration award in favor of Appellant, did the trial court err in finding that the arbitration award should have been vacated on the basis of these nonstatutory grounds.

Additionally, Franklin cites the following two issues in its brief:

I. Whether Tennessee courts should be permitted to apply the common law pertaining to vacating when reviewing arbitration awards which violate the Tennessee Contractor's Licensing Act.

II. Whether the trial court correctly vacated the arbitrator's award in favor of Warbington Construction, Inc.

## Standard of Review

When reviewing a trial court's decision in an arbitration case, we review findings of fact under a "clearly erroneous" standard. See Arnold v. Morgan Keegan & Co., Inc., 914 S.W.2d 445, 449 (Tenn. 1996). "Matters of law, if not able to be resolved by resort to the controlling statutes, should be considered independently, with the utmost caution, and in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." Id. at 450. Our supreme court has also stated that "[u]nder this deferential standard of review, courts are not permitted to consider the merits of an arbitration award. . . ." Id.

## Law and Analysis

Because this case clearly involves interstate commerce, the provisions of the Federal Arbitration Act, 9 U.S.C.A. § 1 (1999), *et. seq.* (the FAA), rather than Tennessee's Uniform Arbitration Act, TENN. CODE ANN. § 29-5-301 (2000) *et. seq.*, apply to this appeal. The provisions of the FAA are to be applied in both state and federal courts. See Frizzell Constr. Co., Inc., v. Gatlinburg, L.L.C., 9 S.W.3d 79, 84 (Tenn. 1999) (citations omitted). "The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." Id. (quoting Volt Info. Sciences, Inc. v. Board of Trustees, 489 U.S. 468 (1989)).

The FAA has four statutory grounds under which an arbitration award may be vacated. See 9 U.S.C.A § 10(a) (1999). Under this section, arbitration awards may be vacated:

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Id.

In addition to the statutory grounds cited above, federal case law has created additional grounds for vacating an arbitration award. Although Tennessee has not adopted the judicially created grounds for reviewing an arbitration award, the trial court below used two common law grounds to vacate the arbitration award in favor of Warbington. The trial court specifically stated that the arbitrator's award was rendered in manifest disregard of the law and that the award was contrary to the public policy of Tennessee.

The "manifest disregard of the law" ground for vacating arose from the Supreme Court's opinion in Wilko v. Swan, 346 U.S. 427 (1953) (overruled on other grounds). In Wilko, the Court stated that "the interpretations of the law by the arbitrators in contrast to manifest disregard are not subject, in the federal courts, to judicial review for error in interpretation." Id. at 436-37. Although Wilko was overruled in Rodriguez De Quizas v. Shearson/American Express, Inc., 490 U.S. 477, 485 (1989), the Supreme Court later clarified that it did not extinguish the manifest disregard doctrine in First Options, Inc., v. Kaplan, 514 U.S. 938 (1995). Some states and every federal circuit court has adopted some form of "manifest disregard" as a nonstatutory ground for reviewing awards under the FAA.[2] The burden of proving that an arbitrator acted in manifest disregard of the law is

---

[2] See Williams v. Cigna Fin. Advisors, Inc., 197 F.3d 752 (5th Cir. 1999); Montes v. Shearson Lehman Bros., Inc., 128 F.3d 1456, 1459 (11th Cir. 1997); Barnes v. Logan, 122 F.3d 820 (9th Cir. 1997); Cole v. Burns Int'l Sec. Servs., 105 F.3d 1465, 1486 (D.C. Cir. 1997); M & C Corp. v. Erwin Behr GmbH & Co., KG, 87 F.3d 844 (6th Cir. 1996); United Transp. Union v. Suburban Transit Corp., 51 F.3d 376 (3rd Cir. 1995); Remmey v. Paine Webber, Inc., 32 F.3d 143 (4th Cir. 1994); Lee v. Chica, 983 F.2d 883 (8th Cir. 1993); Health Servs. Mgmt. Corp. v. Hughes, 975 F.2d 1253 (7th Cir. 1992); Advest, Inc. v. McCarthy, 914 F.2d 6 (1st Cir. 1990); Jenkins v. Prudential-Bache Secs., Inc., 847 F.2d 631 (10th Cir. 1988); Merrill Lynch, Pierce, Fenner & Smith v. Bobker, 808 F.2d 930 (2d Cir. 1986); Bender v. Smith, Barney, Harris Upham & Co., Inc., 901 F. Supp. 863 (D.N.J. 1994).

(continued...)

extremely high. "[T]he decision must fly in the face of clearly established legal precedent." Id. at 421.

The second judicially created ground that the trial court below used was that the arbitration award violated "public policy." The United States Supreme Court established the "public policy" ground for reviewing arbitration awards in W.R. Grace & Co. v. Local Union 759, International Union of the United Rubber Workers, 461 U.S. 757, 766 (1983) and United Paper Workers International Union v. Misco, Inc., 484 U.S. 29, 42 (1987). The public policy ground for vacating is rooted in the common law doctrine of a court's power to refuse to enforce a contract that violates public policy or law. See W.R. Grace & Co., 461 U.S. at 766. The Supreme Court limited the public policy ground substantially, stating that "the contract as interpreted would violate 'some explicit public policy' that is 'well defined and dominant, and is to be ascertained by reference to laws and legal precedents and not from general considerations of supposed public interests.'" Id. at 43 (internal citations omitted). Several federal circuit and state courts have recognized public policy as a ground for vacatur.[3]

As stated above, Tennessee has not adopted the "manifest disregard" standard or the "public policy" standard as additional grounds for reviewing an arbitration award. As such, we must consider, in an issue of first impression, whether Tennessee trial courts should be allowed to consider and apply nonstatutory grounds to vacate an arbitration award under the FAA.

Although there are no Tennessee appellate decisions that apply the FAA in the context of reviewing a trial court's decision to vacate an arbitration award, there is a Tennessee decision that is instructive. In Arnold v. Morgan Keegan & Co., Inc., 914 S.W.2d 445 (Tenn. 1996), the court refused to consider any nonstatutory ground for reviewing an arbitration award under the Tennessee Uniform Arbitration Act. See id. at 450. Arnold involved a motion to vacate an arbitration award, and the supreme court looked to federal case law interpreting the FAA for guidance. Notwithstanding the fact that the majority of federal circuits and several state courts had adopted the "manifest disregard of the law" standard, our supreme court held several times throughout its opinion that only statutory grounds should be used in reviewing an arbitration award. The court stated that

[2](...continued)

For state appellate courts that have adopted the "manifest disregard" standard, see Garrity v. McCaskey, 612 A.2d 742, 747 (Conn. 1992); see also Board of Educ. v. Prince George's County Educator's Ass'n, 522 A.2d 931, 938 (Md. 1987); Geissler v. Sanem, 949 P.2d 234, 237-38 (Mont. 1997); Fernandez v. Farmers Ins. Co., 857 P.2d 22, 26 (N.M. 1993); Graber v. Comstock Bank, 905 P.2d 1112, 1115-16 (Nev. 1995); Swentor v. Swentor, 520 S.E.2d 330, 338 (S.C. 1999).

[3] See Seymour v. Blue Cross/Blue Shield, 988 F.2d 1020, 1023 (10th Cir. 1993); Delta Airlines, Inc., v. Airline Pilots Ass'n, 861 F.2d 665, 671 (11th Cir. 1988); Iowa Elec. Light & Power Co. v. Local Union 204, 834 F.2d 1424, 1428 (8th Cir. 1987).

For state courts that recognize the public policy exception, see May Constr. Co., Inc. v. Thompson 20 S.W.3d 345, 351 (Ark. 2000); Heatherly v. Rodman & Renshaw, Inc., 678 N.E.2d 59, 61 (Ill. Ct. App. 1997); Massachusetts Highway Dep't. v. American Fed'n of State, County, & Mun. Employees Counsel, 648 N.E.2d 430, 432 (Mass. 1995); City of Minneapolis v. Police Officers' Fed'n, 566 N.W.2d 83, 89 (Minn. Ct. App. 1997).

the "limiting language of the statutes governing vacation and modification of arbitration awards evidences an intent to limit *severely* the trial court's authority to retry the issues decided by arbitration." Id. at 448 (emphasis in original). Moreover, the court stated that the "trial court is limited by the provisions of the statute which allow a vacation or modification of an award." Id. Furthermore, our supreme court could not have been more clear when it stated that "[j]udicial review of arbitration decisions is statutorily limited, and any judicial review must be conducted within those limits." Id. at 450. The claimant in Arnold also argued that the arbitration award was "so far outside of the law that it should be considered irrational and, hence, subject to vacation." Id. at 451. Our supreme court noted that courts have interpreted the FAA to allow an arbitration award to be vacated on the ground that it is irrational. See id. Nonetheless, the Arnold court stated that under the TUAA an arbitration award cannot be vacated because it is "irrational," as no such ground exists in the TUAA.

In addition to the several statements rejecting nonstatutory grounds for reviewing awards under the TUAA, the Arnold Court reiterated its strong commitment to binding arbitration, and the court also noted the need for limited judicial review. The court stated that "[i]f alternative dispute resolution is to succeed, there must be finality–finality of arbitration awards and decisions." Id. at 452. Additionally, the court stated:

> The reason for attaching such a high degree of conclusiveness to an award made by arbitrators is that the parties have, themselves, by agreement, substituted a tribunal of their own choosing for the one provided and established by law, to the end that they may avoid the expense usually incurred by litigation and bring the cause to a speedy and final determination. To permit a dissatisfied party to set aside the arbitration award and to invoke the Court's judgment upon the merits of the cause would render arbitration merely a step in the settlement of the dispute, instead of its final determination.
>
> Thus, the finality and enforceability of an arbitration award is a characteristic of arbitration that distinguishes it from other forms of alternative dispute resolution. Its integrity must not be undermined or compromised, but preserved and enhanced.

Id.

We find that Arnold evidences an intent to severely limit judicial review of arbitration awards in Tennessee. As a result, we decline to adopt the nonstatutory grounds of "manifest disregard" and public policy for reviewing arbitration awards. As a result of our decision not to adopt nonstatutory grounds for reviewing arbitration awards under the FAA, we must now decide whether the arbitration award in favor of Warbington is subject to being vacated under the specific statutory provisions of the FAA.

As cited above, the statutory provisions of the FAA limit a court's ability to vacate an arbitration award to situations relating to a breakdown in the integrity of the arbitration process itself. Section 10 of the United States Code Annotated permits a court to vacate an award that was procured by corruption, fraud, or undue means, where there was evident partiality or corruption of the arbitrators, where the arbitrators were guilty of misconduct, or where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. See 9 U.S.C.A. § 10(a) (1999). Upon review of the record before us, we find no evidence of the transgressions set out in the statute that allow a court to overturn an arbitration award. As is permissible, the arbitration award fails to set out any explanation of the resolution of arguments regarding Warbington and the Tennessee Contractor Licensing statutes. However, we find that there was ample evidence in the record to support a finding of a joint venture and thus, that Warbington was not in violation of the Licensing Act.

Due to our holding on the above issues, we find it unnecessary to address the parties' remaining issues.

## Conclusion

Accordingly, we reverse the decision of the court below. We remand this case for entry of judgment consistent with this opinion. Costs on appeal are taxed to Franklin Landmark, L.L.C., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE